IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYNN NOYES,                                   No. CIV S-02-2685-GEB-CMK

      Plaintiff,

  vs.                                                      ORDER

KELLY SERVICES,

      Defendant.

_____/

Pending before the court is defendant's motion (77) to strike plaintiff's expert witness disclosure and to exclude expert testimony at trial. The parties have filed a joint statement (Doc. 80) as required by local rules. The matter was referred to the undersigned pursuant to Eastern District of California Local Rule 72-302(c)(1) and designation of the district judge. A hearing was held in Redding, California, on December 3, 2007, at 10:00 a.m., with counsel for both parties appearing telephonically. After hearing oral arguments, the matter was submitted.

**I.  BACKGROUND**

In the joint statement filed in connection with defendant's motion, plaintiff offers the following statement of the case:

> In her complaint, Plaintiff alleges that Defendant's continued denial to her of a promotion constitutes disparate treatment in violation of the Fair Employment and Housing Act, Government Code § 12941, and

1

Title VII, 42 U.S.C. § 2000e-2(a)(1), in that such intentionally [sic] denial of employment opportunities were because of her religion or lack thereof. She alleges further that she lost management opportunities because of Defendant's policy or practice in its Nevada City, California, office of giving promotional preference to members of a religious organization called the Fellowship of Friends.  This policy or practice, she alleges, had a disparate impact on her in that it caused her to be demonstrably disadvantaged compared to members of the Fellowship who were candidates for management positions.  She alleges specifically that in April, 2001, Defendant denied her equal opportunity to compete for the position of Software Development Manager by giving the promotion to a Fellowship member who had lower qualifications for the position.  She alleges that William Heinz, the person with full control over hiring and promotion decisions for Defendant . . . is a member of the Fellowship of Friends.  She alleges that Defendant . . . in 1997 or 1998 became aware of the hiring and promotion practices in the office, including the exclusion from equal opportunity within the company of people who were not members of the Fellowship.  (citations to complaint omitted).

On September 28, 2007, plaintiff served a designation of expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) listing Rick Ross, an expert on "destructive cults" and "controversial groups and movements"; and (2) Christine Brigagliano, an expert on immigration law.  It does not appear that defendant has designated any rebuttal expert witnesses.

## II.  DISCUSSION

Defendant argues:  (1) the expert testimony should be excluded under Federal Rule of Evidence 401 because it is irrelevant; (2) even if it is relevant, the testimony should be excluded under Federal Rule of Evidence 403 because it is unduly prejudicial, confusing, and/or likely to result in a waste of time; (3) the expert testimony should be excluded as a discovery sanction under Federal Rule of Civil Procedure 37(c)(1) because plaintiff's expert disclosure failed to include adequate reports; and (4) Ross' testimony should be excluded because it is not based on his personal knowledge.

A.  **Relevance**

Defendant states this case comes down to one issue – whether "plaintiff was denied a promotion for religious reasons."  In the context of the facts, this is the same as asking

whether plaintiff was passed over for promotion because she was not a member of the Fellowship of Friends religious group, which plaintiff claims is a "destructive cult." To answer this question, it is necessary to determine why plaintiff was not promoted. Relevant to this determination would be any biases held by William Heinz, defendant's office manager and person who made the promotion decision.

        1.    <u>Ross</u>

Plaintiff argues that Ross' testimony is relevant to the question of Heinz' motivations for not promoting plaintiff. According to plaintiff, Ross is an expert on "destructive cults" and "controversial groups and movements" in general and on the Fellowship of Friends in particular. Ross is prepared to testify that ". . . Mr. Heinz simply saw his job . . . as an opportunity to help . . . [Fellowship of Friends members] at the expense of employees like Ms. Noyes."

Defendant concludes that Ross' testimony would be irrelevant and, therefore, inadmissible under Federal Rule of Evidence 401. The court does not agree. As defendant suggests in the joint statement, Ross' testimony is relevant to show that ". . . Mr. Heinz promoted a Fellowship member out of a desire to aid the Fellowship and increase his standing within the group." If true – which is a question for the jury to decide – it would certainly suggest that plaintiff was denied promotion because she was not a member of the Fellowship.

Defendant's argument that the jury can make its own conclusions about human nature without the testimony of an expert is also unpersuasive. Here, Ross' testimony concerns the specialized characteristics of Fellowship members and not the public at large. Thus, while defendant's statement may be true of the jury's ability to assess human motivation in general, expert testimony could shed light on the motivations of Mr. Heinz – a Fellowship member – in particular.

Ross' purported testimony thus satisfies the Rule 401 definition that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be without the evidence." See Fed. R. Evid. 401.  Here, Ross' testimony has the tendency to show Heinz denied plaintiff the promotion because she was not a member of the Fellowship of Friends. As plaintiff states: "The existence of a 'desire to aid the Fellowship' tends to establish the unlawful promotional preference. . . ."

        2.    <u>Brigagliano</u>

According to plaintiff, Brigagliano will offer the following evidence at trial:

> . . . [Brigagliano's testimony] will describe immigration requirements on businesses and practices that businesses are required to implement to meet the requirements. . . .

Plaintiff adds:

> Plaintiff's expert Christine Brigagliano can explain to the jury a Labor Certification and an H-1B Visa.  The Labor Certification ties into the testimony that she can give regarding an ad that ran in the local newspaper in Nevada City, which described a job similar to the promotion at issue in this case.

Plaintiff states that Brigagliano will also testify that the ad had a Dutch language requirement. Finally, Brigagliano will opine that the ad "was clearly written to support a labor certification." Plaintiff concludes that all this is evidence of Heinz' intention to support the hiring of the Fellowship member – also a Dutch national – and to screen out qualified U.S. workers such as Plaintiff.  Plaintiff argues:

> By explaining the significance of the H-1B Visa and its processes, Christine Brigagliano can present evidence which will help Plaintiff establish whether decisions on promotion were being made for legitimate business reasons . . . or whether practices were in place for the primary purpose of protecting the employment of Fellowship members, many of whom were subject to the immigration regulations. . . .  An expert explanation about Defendant's participation on the immigration processes will show not that Defendant should be punished for possibly skirting immigration rules, but rather will reveal that preferential treatment of Fellowship members involved the immigration processes.

The essence of Brigagliano's testimony is that she will describe defendant's "immigration processes," including the use of H-1B visas.  Brigagliano will then testify that an

ad ran in the local newspaper for a similar promotion and that the ad featured a Dutch language requirement. Brigagliano will opine that advertising a Dutch language requirement shows that defendant had a preference for foreign nationals. Brigagliano will conclude that, because the person hired for the promotion sought by plaintiff was also Dutch, and because Fellowship members are often foreign nationals, defendant's use of the H-1B visa program shows a preference for Fellowship members. According to plaintiff, defendant would not be willing to go through onerous "immigration processes" unless it was favoring foreign nationals, some of whom are also members of the Fellowship. When asked at oral argument, plaintiff's counsel could not provide a more direct nexus between Brigagliano's testimony and the decision not to promote plaintiff.

The court agrees with defendant that this testimony is not relevant to the issue in this case. At best, Brigagliano's testimony supports a conclusion that defendant preferred foreign nationals. Plaintiff has not, however, alleged that defendant denied her a promotion based on her citizenship. The issue raised by plaintiff is whether defendant's promotion decision was based on plaintiff's religious beliefs. Brigagliano's testimony does not have any tendency in reason to support a particular conclusion on this issue. Assuming that defendant has a valid reason for hiring a Dutch national, defendant would have to follow "immigration processes" in order to hire that person. Thus, defendant's adherence (or non-adherence) to applicable immigration regulations would have no tendency to show an improper motive for the hire. Under either plaintiff's theory or the hypothetical posed here, defendant would follow "immigration processes." Brigagliano's testimony does not meet the Rule 401 requirement that the evidence have a tendency to make a fact more or less probable. Put simply, Brigagliano's testimony does not have any tendency one way or the other. All Brigagliano's testimony would show is that defendant possibly favored Dutch nationals and that defendant followed "immigration processes" to hire them. Neither of these facts is relevant to plaintiff's case.

///

**B.    Probative Value vs. Prejudicial Effect, Confusion, and/or Waste of Time**

Federal Rule of Evidence 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Defendant argues that, even if the purported expert testimony from Ross and Brigagliano is considered relevant, it nonetheless should be excluded under Rule 403.

### 1.    Ross

Defendant contends that Ross' testimony, which will include his opinions on "destructive cults," is prejudicial and a waste of time. As discussed above, Ross' testimony is relevant to the issue of Heinz' motivation in making his promotion decision. Defendant's concern is that repeated references to various words, such as "cult" and "destructive," will prejudice the jury. While the court recognizes the potential for prejudice, it also recognizes that almost all evidence presented by plaintiff will be prejudicial to the defense case in some way. Rule 403 is concerned with unfair prejudice which substantially outweighs probative value. The court cannot say at this point whether all of Ross' testimony will be unfairly prejudicial under Rule 403. With proper limitations, the risk of unfair prejudice does not outweigh the testimony's probative value. Defendant will have to make continuing Rule 403 objections to specific questions at trial. Without knowing now the specific questions plaintiff might ask, it would be premature to issue an early order excluding references to particular words and phrases, or to exclude the testimony in its entirety.

Nor would Ross' testimony consume an undue amount of time. Assuming that plaintiff is not willing to rely on Heinz' testimony that his promotion decision was proper, the best independent evidence of Heinz' motivation may very well be Ross' testimony. It does not appear there is any other evidence – aside from Heinz' own testimony, of course – to show his motivations. Time spent exploring Ross' testimony would not be wasted.

### 2. Brigagliano

Assuming that Brigagliano's testimony would be relevant, defendant argues it should be excluded under Rule 403 because it is prejudicial and a waste of time. This argument is persuasive. As discussed above, Brigagliano's testimony is not relevant and, if it were, it would be only minimally probative at best. Weighed against the testimony's minimal probative value is the potential to inflame the jury with unrelated arguments concerning defendant's "immigration processes" and immigration in general, which is currently a controversial and hot-button topic. Moreover, testimony from Brigagliano and, presumably, defendant's rebuttal witness, would result in confusion and a waste of time.

### C.   **Sufficiency of Plaintiff's Expert Disclosure**

Federal Rule of Civil Procedure 37 provides the court with discretion to exclude an expert witness where the designation was not accompanied by a report in compliance with Federal Rule of Civil Procedure 26. See Fed. R. Civ. P. 37(b)(2). Defendant argues both experts' testimony should be excluded because neither of their reports meets the requirements of Rule 26. The argument is moot as to Brigagliano because her testimony is irrelevant, prejudicial, and would result in confusion and a waste of time.

As to Ross, defendant argues the expert's report is insufficient because: (1) Ross does not state the specific factual bases and reasons for reaching his conclusions; (2) Ross' report contains no references to admissible factual data considered in forming his opinion; (3) Ross's qualifications are "incomplete." In response to the first two reasons, which are based on the facts supporting Ross' opinion, plaintiff cites a supplemental expert report (not provided to the court) in which Ross states that has interviewed families concerned about loved ones involved with the Fellowship, as well as former Fellowship members. According to Ross, these interviews revealed that members were devoted to the point of donating large sums of money to the Fellowship and that support of the Fellowship is seen as a religious obligation. Plaintiff argues: "This is detailed information on financial motives that can be logically tied to preferential

treatment for group members."

The essence of Ross' opinion is that Heinz was motivated by his desire to support the Fellowship and that this motivation explains why plaintiff – a non-member – was not promoted but a Fellowship member was. The family interviews showing that Fellowship members consistently demonstrate devotion and financial support to the Fellowship provides some factual basis for Ross' opinion. If Heinz – a Fellowship member – behaves as other members, then he too would demonstrate the same devotion and financial support. Promoting a member over a non-member would certainly fulfill Heinz' religious duty to the Fellowship. Of course, the weight this evidence deserves is a question for the jury.

As to Ross' qualifications, defendant argues:

> Third, Mr. Ross' "qualifications" are incomplete. It is well settled that an expert report must include a complete listing of the cases in which the expert has proffered testimony. Significantly, case law defines this requirement to include the name of the court, the name of the parties, *the case number, and whether the testimony was given at deposition or trial*. (citations omitted). Here, Mr. Ross' report identifies five cases in which he has testified. (citation omitted). Noticeable absent from the disclosure, however, are the case numbers and whether Mr. Ross testified at trial or simply in deposition. . . .

Plaintiff does not respond to this argument in her portion of the joint statement.

A review of the report submitted with defendant's motion shows that, as defendant notes, Ross does not list the case numbers of the five cases or indicate whether his testimony came at deposition or trial. Plaintiff's counsel represented at the hearing that the supplemental report contains the same omissions. Rather than striking the expert designation and excluding Ross' testimony in its entirety, however, the court will exercise its discretion under Rule 37 and order plaintiff to serve a supplemental report which identifies the missing information.

### D. Exclusion for Lack of Personal Knowledge

In a footnote, defendant also argues Ross' testimony should be excluded because it is based on information outside his personal knowledge. Defendant concludes that, because

Ross never interviewed Heinz, he has no personal knowledge upon which to base any opinions concerning Heinz' motivations for not promoting plaintiff. In support of this argument, defendant cites Federal Rule of Evidence 701, which requires that lay witness opinion be limited to opinions based on the witness' personal knowledge. See Fed. R. Evid. 701.

Defendant's argument, however, is unpersuasive. By citing Rule 701, defendant apparently takes the position that Ross is not an expert because Rule 701 specifically excludes witnesses testifying as an expert. See id. As an expert, Ross may testify in the form of an opinion if, among other things, the ". . . testimony is based upon sufficient facts or data. . . ." Fed. R. Evid. 702. As discussed above, the court finds that Ross' opinion has sufficient factual support.

Along this line, defendant's counsel argued at oral argument that expert testimony on the tenets and beliefs of the Fellowship was not needed at all because plaintiff could call Fellowship members as lay witnesses. By way of example, counsel suggested that an expert would not be permitted to explain the beliefs of Catholicism or even the Catholic sect Opus Dei. While the court agrees that an expert would not be warranted to explain the beliefs of Catholicism because that information is generally known, the court does not agree that the same applies to Opus Dei or the Fellowship. Unlike Catholicism, both Opus Dei and the Fellowship are very small sects with specific and unique beliefs and practices not generally known by the public at large. Therefore, the court concludes that expert testimony is warranted in this case because understanding the belief structure of a group like the Fellowship of Friends requires some degree of specialized knowledge. See id.

### III. CONCLUSION

The court concludes that Ross' testimony is relevant, but recognizes that his testimony may raise issues of prejudice under Rule 403. Therefore, defendant's motion to exclude Ross' testimony is denied without prejudice to renewal in the context of specific

questions asked at time of trial.  The court concludes that Brigagliano's testimony is irrelevant.  Defendant's motion to exclude any testimony from Brigagliano is, therefore, granted.  Finally, the court concludes that Ross' expert report is deficient in that it does not list the case numbers of cases in which he has testified, nor does it specify whether such testimony was offered at trial or deposition.  Plaintiff shall serve on defendant a supplemental report correcting these omissions.

The court hereby sua sponte extends the deadline for serving a rebuttal expert disclosure and for taking expert depositions.  These extensions, however, shall only apply to Ross and any expert designated by defendants to rebut Ross' testimony.  Otherwise, the court's July 12, 2007, scheduling order remains unchanged.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion (Doc. 77) to strike and exclude expert testimony is granted in part and denied in part;

2. Plaintiff shall serve a supplemental expert report for Ross correcting the omissions identified herein by December 11, 2007;

3. Defendant shall serve its disclosure of experts it intends to call in rebuttal to Ross by December 11, 2007; and

4. Expert discovery, including depositions, relating to Ross and any rebuttal witnesses designated by defendant shall be completed by December 31, 2007.

DATED: December 5, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE