IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYNN NOYES,                          )
                                     )     2:02-cv-2685-GEB-CMK
          Plaintiff,                 )
                                     )
     v.                              )     FINAL PRETRIAL ORDER
                                     )
KELLY SERVICES, INC.,                )
                                     )
          Defendant.                 )
_____     )

     The final pretrial conference scheduled for January 14, 2008, is vacated since the parties' Joint Pretrial Statement ("JPS") indicates this Final Pretrial Order should issue.

I.   JURY/NON-JURY

     All issues shall be tried to a jury.

II.   DISPUTED FACTUAL AND LEGAL ISSUES

     A.   First Claim:  Plaintiff claims she was discriminated against in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1) when she was denied a promotion because she was not a member of a particular religious group.  She seeks general, special and punitive damages for said violation, as well as her attorneys' fees and costs, including expert witness fees.

1      Defendant contends:

2          (1) The Fellowship is not a religious organization

3  that would qualify for protected status, and therefore employment

4  decisions allegedly based on membership or non-membership cannot

5  support a Title VII religious discrimination claim;

6          (2) the claim is barred because Plaintiff failed to

7  exhaust administrative remedies under Title VII;

8          (3) Plaintiff has failed to mitigate the damages

9  alleged in the claim; and

10         (4) Plaintiff's claim for punitive damages is barred

11  because Defendant did not ratify, authorize or have knowledge of

12  the alleged conduct and the alleged unlawful conduct committed by

13  former employee William Heinz cannot be imputed to Defendant

14  because William Heinz was not an officer, director or managing

15  agent of Defendant under California law.

16      B.   Second Claim:  Plaintiff claims that she was

17  discriminated against in violation of the California Fair

18  Employment and Housing Act, when she was denied a promotion because

19  she was not a member of a particular religious group.  She seeks

20  general, special and punitive damages for said violation, as well

21  as her attorneys' fees and costs, including expert witness fees.

22      Defendant contends:

23         (1) The Fellowship is not a religious organization

24  that qualifies for protected status, and therefore Plaintiff's

25  claim fails;

26         (2) The claim is barred because Plaintiff has failed

27  to exhaust the required administrative remedies under FEHA;

28

1          (3) The claim is barred because accommodating
2  religious preferences, or lack of religious preferences, would have
3  resulted in an undue hardship to Defendant;

4          (4) Plaintiff failed to mitigate the damages alleged
5  in the claim;

6          (5) Plaintiff's claim for punitive damages is barred
7  because Defendant did not ratify, authorize or have knowledge of
8  the alleged conduct and the alleged unlawful conduct committed by
9  former employee William Heinz cannot be imputed to Defendant
10  because William Heinz was not an officer, director or managing
11  agent of Defendant under California law; and

12          (6) The claim is barred because Plaintiff
13  unreasonably failed to take advantage of preventive or corrective
14  opportunities.

15      C.   Third Claim:  Plaintiff claims that Defendant's
16  actions were outrageous and with reckless disregard for the
17  foreseeable consequences to Plaintiff and she seeks damages for
18  intentional infliction of emotional distress.

19      Defendant contends:

20          (1) The claim is barred by the applicable statute of
21  limitations;

22          (2) Plaintiff's sole and exclusive remedy is the
23  California Workers' Compensation Act;

24          (3) Plaintiff has failed to mitigate damages alleged
25  in the claim; and

26          (4) Plaintiff's claim for punitive damages is barred
27  because Defendant did not ratify, authorize or have knowledge of
28  the alleged conduct and the alleged unlawful conduct committed by

former employee William Heinz cannot be imputed to Defendant because William Heinz was not an officer, director or managing agent of Defendant under California law.

### III.   <u>DISPUTED EVIDENTIARY ISSUES</u>

Any evidentiary dispute capable of being resolved in limine shall be set forth in an in limine motion which shall be filed no later than 4:30 p.m. on February 4, 2008.[1] An opposition or a non-opposition statement to any filed in limine motion shall be filed no later than 4:30 p.m. on February 18, 2008. *Failure to state a basis for admissibility or non-admissibility of disputed evidence constitutes a waiver or abandonment of that basis*.

### IV.   <u>WITNESSES</u>[2]

A.   The Joint Witness List was filed on January 7, 2008.

B.   No person, other than those named on the witness list, will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not reasonably be anticipated at the pretrial conference; or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "C", below.

---

[1]   Before filing a motion setting forth an evidentiary dispute, counsel shall meet and confer for the purpose of trying to resolve that evidentiary dispute.

[2]   This portion of the Order does not affect the parties' obligations to timely comply with witness disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court; and does not address the issue whether deposition testimony is admissible.

C.  If a witness is discovered after this Order issues, counsel for the party offering the witness shall promptly inform the Court and opposing parties of the existence of the unlisted witness so that the Court may consider at trial whether the witness shall be permitted to testify.  The witness will be not be permitted to testify unless:

(1) The witness could not reasonably have been discovered prior to pretrial;

(2) The Court and opposing counsel were promptly notified upon discovery of the witness;

(3) If time permitted, counsel offered the witness for deposition; and

(4) If time did not permit, a reasonable summary of the witness' testimony was provided to opposing counsel.

V.  <u>EXHIBITS</u>[3]

A.  The Joint Exhibit List was filed on January 7, 2008.

B.  No other exhibits will be permitted to be introduced unless:

(1) The party seeking to use the unlisted exhibit demonstrates that the exhibit is being used to rebut evidence which could not reasonably have been anticipated at the pretrial conference; or

(2) The unlisted exhibit was discovered after the pretrial conference and the offering party makes the showing required in paragraph "C", below.

---

[3]    This portion of the Order does not affect the parties' obligations to timely comply with disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court.

C.  Any party proposing to introduce an exhibit which was discovered after the pretrial conference shall promptly notify the Court and opposing counsel of the existence of such exhibit.  The Court will not permit any such exhibit to be introduced unless it finds:

(1) That the exhibit could not reasonably have been discovered prior to the pretrial conference;

(2) The Court and counsel were promptly informed of the exhibit's existence; and

(3) That the offering party has delivered a copy of the exhibit to opposing counsel, or, if the exhibit may not be copied, that the offering counsel has made the exhibit reasonably available for inspection by opposing counsel.

D.  Plaintiff's exhibits shall be numbered and marked with colored stickers provided by the Court while Defendant's exhibits shall be designated by alphabetical letter also marked with colored stickers provided by the Court.  To obtain stickers, parties should contact the Clerk of Court at (916) 930-4000.

The parties are directed to exchange with each other, at least twenty (20) court days prior to the date on which trial commences, copies of all of their respective exhibits, marked with exhibit stickers provided by the Court.  Within five (5) court days after receipt and examination of the exhibits, each party shall file with the Court and serve upon opposing counsel objections, if any, to the exhibits, referencing the exhibits as marked by exhibit sticker and specifying the basis for each objection.[4]  Failure to

---

[4]     The parties have leave to file joint exhibits.  The above
(continued...)

exchange exhibits as ordered could result in the exhibit not being used at trial and/or the imposition of sanctions.  The failure to make objections in the manner prescribed by this section shall constitute a waiver of objections.  A party seeking to admit into evidence an exhibit to which no objection was made must identify said exhibit for the record and then move it into evidence.

Counsel shall produce all exhibits to the Clerk's Office no later than 4:00 p.m. on the Friday before the date on which trial is scheduled to commence.  At that time, the parties shall also furnish the Court with a copy of each exhibit, unless the exhibit is physically incapable of being reproduced.  Failure to produce exhibits as ordered could result in waiver of the right to offer those exhibits.  Each party submitting exhibits shall furnish a list to the Court, the courtroom deputy and opposing counsel itemizing the exhibits.

VI. <u>FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS</u>

A.  It is the duty of counsel to ensure that any depositions which are to be used at trial for any purpose shall have been filed with the clerk, and counsel are cautioned that a failure to discharge this duty may result in preclusion of the use of the unfiled depositions or in the imposition of such other sanctions as the Court deems appropriate.

B.  No later than twenty (20) court days before the trial commencement date, counsel for each party shall serve on the other parties a statement designating all answers to interrogatories and all portions of depositions (except for passages to be used solely

---

[4](...continued)
procedure is designed for separate exhibits.

for refreshing recollection, impeachment or rebuttal).  No later than ten (10) court days before the trial commencement date, counter-designations of other portions of these discovery documents may be served.  No later than five (5) court days before the trial commencement date, the parties shall file and serve any preserved evidentiary objections to any designated discovery, or said objections are waived.

VII.  <u>FURTHER DISCOVERY OR MOTIONS</u>

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been completed prior to the date of the final pretrial conference.  That order is confirmed.  The parties are, of course, free to conduct any additional discovery they desire pursuant to informal agreement. However, any such agreement will not be enforceable in this Court.

VIII.  <u>STIPULATIONS</u>

The parties' stipulations on pages 11 (lines 24 to and including 27) and 12 (lines 2 to and including 8) of their JPS are part of this Order.

IX.  <u>SETTLEMENT NEGOTIATIONS</u>

No settlement conference is scheduled in this matter.  If the parties believe that a settlement conference would be productive and facilitate resolution of this case, the parties may contact the Court.  If the Court schedules a settlement conference at the request of the parties, each party would be directed to have a principal with authority to settle the case on any terms present at the settlement conference.

In addition, each party would have to submit a settlement conference statement directly to the chambers of the settlement

judge, five (5) court days prior to the settlement conference.
Such statements would not have to be filed with the clerk nor
served on opposing counsel.  However, each would be required to
notify the other party or parties that the statement was submitted
to the judge's chambers.

## X.   AGREED STATEMENT

The parties shall submit a short, jointly-prepared
statement concerning the nature of this case that can be read to
the jury at the commencement of trial.  The statement shall be
provided to the Court no later than ten (10) court days before the
trial commencement date.  If the parties fail to do this, they may
be required to give their respective opening statements before voir
dire.  Separate statements shall be submitted if agreement is not
reached.

## XI.   JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS

A.   Counsel are directed to confer and to attempt to
agree upon a joint set of jury instructions and verdict forms.

B.   All instructions, both general and specific, shall
be submitted in the exact numerical order counsel desires them
given to the jury and shall be tailored to the facts and issues in
suit.

The joint set of instructions and verdict forms shall be
filed fifteen (15) court days prior to the trial commencement date.
As to instructions on which there is dispute, the parties shall
adhere to the following procedure:  1) the party offering the
disputed instruction(s) shall submit the instruction(s) as its
proposed jury instructions, shall submit authority in support of
the proposed instruction(s) and shall number the disputed

instruction(s) in a manner that shows where each disputed
instruction should be placed in the tendered agreed upon
instructions.  The contested instruction(s) and supporting
authority shall be filed with the joint set of instructions fifteen
(15) court days prior to the trial commencement date; 2) the party
opposed to the contested instruction(s) shall file opposing
authority ten (10) court days prior to the trial commencement date.

          C.    All instructions shall be, to the extent possible,
concise, understandable, and neutral statements of law.  They shall
be prepared in accordance with Local Rule 51-163.  Ninth Circuit
Pattern Instructions are preferred.

          D.    It is the parties' responsibility to ensure that
jury instructions are submitted on all issues preserved for trial
in accordance with the schedule set forth above.  Pursuant to Local
Rule 51-163, instructions not presented in accordance with this
Order will be refused unless it is shown either (1) that the
necessity for the request arose in the course of trial; the
instructions could not reasonably have been anticipated prior to
trial; and the request for such additional instructions is
presented to the Court as promptly as possible; or (2) that the
refusal to give such instructions would constitute manifest
injustice under Rule 16(e).

          E.    Most of the examination of prospective jurors is
conducted by the Court.  The parties are directed to meet and
confer and attempt to agree upon a joint set of proposed voir dire
questions.  These questions shall include any voir dire questions
supplied by the Court that the parties believe are necessary.  The
joint set of voir dire questions shall be filed with the Court

fifteen (15) court days prior to the trial commencement date.
Parties may also submit proposed voir dire questions which are
disputed.  Disputed voir dire questions shall be filed with the
Court fifteen (15) court days prior to the trial commencement date
and shall be accompanied by an explanation as to the need for the
question and supporting case authority when available.  The
opposing party shall respond with reasons for the opposition and
any supporting case authority no later than ten (10) court days
prior to the trial commencement date.  Each side is granted 15
minutes to conduct voir dire following the Court's examination of
prospective jurors.

    F.   The parties shall file a joint verdict form
concurrently with proposed jury instructions fifteen (15) court
days prior to the trial commencement date.  See L.R. 51-163(e).  A
special verdict or interrogatories shall be included for all
factual disputes submitted to the jury that must be resolved before
questions of law can be decided, and for any other issue on which
specific responses are desired.  The verdict form shall be prepared
in accordance with Local Rule 51-163(e).  At the same time, where
disagreements exist, the parties shall explain the disagreement and
submit points and authorities supporting their respective
positions.

    At the time of electronically filing the jury
instructions and verdict forms, counsel shall also submit a copy of
the sanitized joint jury instructions, the sanitized disputed jury
instructions, and the joint verdict forms to the Court by email to
geborders@caed.uscourts.gov in accordance with L.R. 51-163(b)(1).

XII.   <u>USE OF STRUCK JURY SELECTION SYSTEM</u>

Eight jurors will be impaneled.  The "struck jury" system will be used to select the jury.[5]  At the beginning of the voir dire process, approximately eighteen prospective jurors, randomly selected by the Jury Administrator, will be seated for voir dire. The order of the jurors' random selection is reflected by the order in which they will be seated.  The first randomly selected juror will be in jury seat number one, which is at the extreme right-hand side of the jury box in the top row as the jury box is viewed from the well of the courtroom.  The eighth juror will be in the eighth seat.  The ninth selected juror will occupy the seat located at the extreme right-hand side of the jury box in the bottom row.  The fifteenth seat will be in the left-hand side of that row.  Three chairs will be placed in front of the jury box.  The sixteenth juror will occupy the seat on the right and the eighteenth juror will occupy the seat on the left.  The first eight jurors on a list, which shall be given to counsel, will constitute the petit jury unless one or more of those eight is excused for some reason. Assuming that the first and fifth jurors on the list are excused, the second listed juror becomes the first, and the other jurors' numbers are changed accordingly, with the ninth juror on the list

---

[5]    As explained in United States v. Blouin, 666 F.2d 796, 798 (2d Cir. 1981), "the goal of the 'struck jury' system is to whittle down an initially selected group . . . [to the amount of jurors] who will serve as the petit jury."  The selected group consists of the jurors who will hear the case, plus the number of jurors required to enable the parties to use the combined number of peremptory challenges allotted to both sides for striking jurors from the group.  Typically extra jurors are included in the select group in the event the minimum amount of jurors required for the "struck system" is reduced "for cause" or some other reason.

becoming seventh on the list; however, the jurors continue to be identified by their original numbers.

## XIII.  ATTORNEYS FEES

The parties are referred to Local Rule 54-293 concerning the post-trial procedure for seeking an award of attorney's fees.

## XIV.  TRIAL DATE

Trial to a jury will commence on March 25, 2008.  A trial day will commence at 9:00 a.m. and will adjourn at approximately 4:30 p.m.  Each side has 15 minutes within which to make an opening statement to the jury and 90 minutes within which to make a closing argument.  Counsel are to call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to trial to ascertain the status of the trial date.

IT IS SO ORDERED.

Dated:  January 9, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge