IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYNN NOYES,                   No. CIV S-02-2685-GEB-CMK

       Plaintiff,

   vs.                      <u>ORDER</u>

KELLY SERVICES,

       Defendant.

_____/

       Pending before the court are plaintiff's motions (Docs. 83 and 84) to strike defendant's expert witness disclosures and to exclude expert testimony at trial. The parties have filed joint statements (Docs. 88, 89, 90, and 91) as required by local rules. The matter was referred to the undersigned pursuant to Eastern District of California Local Rule 72-302(c)(1) and designation of the district judge. A hearing was held in Redding, California, on January 15, 2008, at 10:00 a.m., with counsel for both parties appearing telephonically. After hearing oral arguments, the matter was submitted.

       In her motions, plaintiff challenges two of defendant's experts: (1) Daryl Matthews; and (2) Brian J. Bergmark. The parties have filed joint statements (Docs. 88 and 90) in connection with these motions. In general, plaintiff argues the experts' testimony should be excluded as a discovery sanction because defendant's expert witness disclosures were not timely.

/ / /

/ / /

# I. BACKGROUND

## A. Plaintiff's Allegations

In the joint statement filed in connection with defendant's earlier motion to strike (Doc. 77), plaintiff offers the following statement of the case:

> In her complaint, Plaintiff alleges that Defendant's continued denial to her of a promotion constitutes disparate treatment in violation of the Fair Employment and Housing Act, Government Code § 12941, and Title VII, 42 U.S.C. § 2000e-2(a)(1), in that such intentionally [sic] denial of employment opportunities were because of her religion or lack thereof. She alleges further that she lost management opportunities because of Defendant's policy or practice in its Nevada City, California, office of giving promotional preference to members of a religious organization called the Fellowship of Friends. This policy or practice, she alleges, had a disparate impact on her in that it caused her to be demonstrably disadvantaged compared to members of the Fellowship who were candidates for management positions. She alleges specifically that in April, 2001, Defendant denied her equal opportunity to compete for the position of Software Development Manager by giving the promotion to a Fellowship member who had lower qualifications for the position. She alleges that William Heinz, the person with full control over hiring and promotion decisions for Defendant . . . is a member of the Fellowship of Friends. She alleges that Defendant . . . in 1997 or 1998 became aware of the hiring and promotion practices in the office, including the exclusion from equal opportunity within the company of people who were not members of the Fellowship. (citations to complaint omitted).

## B. Relevant Procedural History

On July 12, 2007,[1] the district judge issued a supplemental status order (Doc. 75) specifying: (1) defendant's rebuttal experts . . . shall be disclosed no later than October 11, 2007; and (2) expert discovery shall be completed by December 11, 2007.

### 1. Matthews

The following is a timeline of events relating to Matthews:

| | |
|---|---|
| 9-28-2007 | Plaintiff disclosed her expert "cult" witness Rick Ross. |
| 10-11-2007 | Defendant disclosed Matthews as its rebuttal expert. The designation did not include Matthews' report. |

---

[1] Counsel refer to July 11th, which was the date the order was signed. It was docketed on July 12th.

| | | |
|---|---|---|
| 11-7-2007 | | Defendant's counsel sent a letter to plaintiff's counsel indicating that, because Ross' report was deficient, he was unable to provide Matthews' rebuttal report. |
| 11-11-2007 | | Plaintiff's counsel sent a letter to defendant's counsel asking if he would allow Matthews' deposition to be taken in Sacramento notwithstanding the lack of Matthews' report. According to plaintiff's counsel, defendant's counsel never responded to this request. |
| 11-29-2007 | | Plaintiff's counsel emailed defendant's counsel Ross' supplemental report, which defendant's counsel still found to be deficient. |
| 12-4-2007 | | Hearing held on defendant's motion to strike plaintiff's designation of Ross. |
| 12-6-2007 | | Court issued order (Doc. 82) on defendant's motion to strike. The court concluded that Ross' report was deficient "in that it does not list the case numbers of cases in which he has testified, not does it specify whether such testimony was offered at trial or deposition." Plaintiff was directed to serve a further supplemental expert report by December 11, 2007. Defendant was given until December 11th to serve its disclosure of its rebuttal expert. The court continued the deadline for expert discovery <u>as to Ross and any rebuttal witnesses only</u> to December 31, 2007. |
| 12-10-2007 | | Plaintiff's counsel served Ross' further supplemental report by email to defendant's counsel. |
| 12-11-2007 | | Counsel had a telephone conversation regarding Matthews' deposition. According to plaintiff's counsel, defendant's counsel informed her that Matthews was available for his deposition in Honolulu, Hawaii, on December 26th, 26th, or 28th of 2007. Defendant's counsel also stated that, if the deadline for Matthews' deposition was continued, Matthews could be available for deposition in San Diego, California, on January 10th or 11th of 2008. Regarding this phone conversation, plaintiff's counsel adds: |

> . . . It was clear that there was no expert report forthcoming from Matthews that day and Jones [plaintiff's counsel] agreed to accept a tardy report, provided she had sufficient time to review it prior the January 11, 2008, deposition of Dr. Matthews described above.
> However, Jones was also insistent that the matter be taken up with the magistrate at the first opportunity . . . . In light [of] the practical problems of flying to and staying in Hawaii on such short notice over the holidays, counsel both thought that there was sufficient "cause" for the magistrate

3

|   |   |   |
|---|---|---|
|   |   | to modify his order and agreed to take it to him jointly at the first opportunity. |
|   |   | Plaintiff's counsel sent a letter to defendant's counsel the same day confirming her understanding of the conversation. |
|   | 12-12-2007 | Plaintiff's motion to strike Matthews disclosure filed (Doc. 83). |
|   | 12-13-2007 | Defendant's counsel left a telephone message with plaintiff's counsel indicating that Matthews' deposition would be taken in Hawaii. Counsel had a telephone conversation later that day in which plaintiff's counsel informed defendant's counsel that she had reconsidered her position and had filed a motion to strike based on violation of the court's order. As far as plaintiff's counsel was concerned, the deposition would not go forward and the dispute would have to resolved by the court. |
|   | 12-31-2007 | Defendant's counsel faxed Matthews' report to plaintiff's counsel. |

    2.   <u>Bergmark</u>

The following is a timeline of events relating to Bergmark:

|   |   |   |
|---|---|---|
|   | 10-11-2007 | Defendant disclosed its rebuttal damages expert Bergmark. The designation did not include Bergmark's report. |
|   | 11-6-2007 | Parties participated in private mediation. |
|   | 11-11-2007 | Plaintiff's counsel wrote a letter to defendant's counsel asking when she could expert Bergmark's report. |
|   | 12-7-2007 | Plaintiff's counsel had a telephone conversation with defendant's counsel in which she indicated that she would be moving to strike defendant's designation of Bergmark because no report had been received and because it would be impossible to complete Bergmark's deposition before the December 11th cut-off date established in the July 12th order. |
|   | 12-12-2007 | Defendant's counsel sent a letter to plaintiff's counsel setting forth defendant's position on the issue and urging plaintiff's counsel to reconsider. On this same day, defendant's counsel faxed to plaintiff's counsel Bergmark's report.[2] |

///

///

---

[2] Plaintiff concedes that the report and designation comply with Rule 26 except that they do not list the cases in which Bergmark has testified as an expert in the preceding two years.

4

## II. DISCUSSION

Federal Rule of Civil Procedure 37 provides the court with discretion to exclude an expert witness where the designation was not accompanied by a report in compliance with Federal Rule of Civil Procedure 26. See Fed. R. Civ. P. 37(b)(2). Plaintiff argues both experts' testimony should be excluded because neither of their reports meets the requirements of Rule 26.

### A.     Matthews

Plaintiff argues:

> Plaintiff moves to strike the testimony of Dr. Daryl Matthews in its entirety based on Defendant's failure to follow the requirements of F.R.C.P. Rule 26 and this Court's previous orders filed on July 11, 2007, and December 6, 2007.  Although Plaintiff did agree to an informal (without prior court order) extension of the timeline for Dr. Matthews's report on the day it was due, this was based on Defendant's offer to take the deposition in California rather than Hawaii, which was later revoked. In sum, Defendant (1) failed to seek an extension of time for its rebuttal report to Plaintiff's expert Rick Ross; (2) even if it had sought an extension, it cannot show "good cause" within the meaning of F.R.C.P. Rule 16(b) and therefore (3) Defendant failed to timely disclose its expert on the "Fellowship of Friends" or cult issues. As a result, the testimony of Dr. Daryl Matthews must be stricken.

It is clear from the timeline, plaintiff's argument, and defendant's response that the central issue regarding Matthews is whether the agreement to have Matthews' deposition taken in early January 2008 – beyond the December 31, 2007, cut-off date – was premised on the deposition being taken in California as opposed to Hawaii. According to plaintiff's counsel, it was and, therefore, her agreement to a deposition date beyond December 31st was rendered void when defendant's counsel insisted upon a deposition in Hawai'i.

In the December 11, 2007, letter from plaintiff's counsel, counsel recited her understanding that the deposition would take place on January 11, 2008, in San Diego. On December 13th, defendant's counsel informed plaintiff's counsel that she would have to travel to Hawaii for the deposition because that is where Matthews lives.[3] Following this, plaintiff's

---

[3]     It is fair to conclude that this was retaliation for plaintiff's counsel having filed a motion to compel concerning Bergmark on December 12th.

counsel sent a letter confirming her December 13th telephone conversation with defendant's counsel that he was revoking her agreement to have the deposition taken beyond the December 31st cut-off because counsel was insisting that the deposition be taken in Hawaii. In a December 14th letter from defendant's counsel, defendant asserted that plaintiff's counsel agreed in writing to the Hawaii location. Counsel does not, however, reference or provide the court with the writing containing plaintiff's counsel's purported agreement.

    1.  <u>Meet and Confer Requirement</u>

    Notwithstanding defendant's counsel's unsupported contention that plaintiff's counsel agreed in writing to the Hawaii location, it is clear that plaintiff's counsel understood on December 11th that the agreement was for a deposition on January 11, 2008, <u>in San Diego</u>. It seems that, at the last minute, defendant's counsel unilaterally changed the terms of this agreement, instead insisting on the Hawaii location. It is also clear that Matthews' report was not provided to plaintiff's counsel until December 31st – well beyond the disclosure deadline set in the district judge's scheduling order and on the date this discovery was to be completed.

    Defendant argues that plaintiff's motion as to Matthews should not be considered because plaintiff's counsel failed to engage in any meet and confer efforts concerning the dispute. However, given the December 11th agreement, there was nothing to discuss. The parties had agreed to a January 11th deposition in San Diego and plaintiff's counsel agreed to accept a late report provided it was supplied before the January 11th deposition. In order to preserve a January 15, 2008, hearing date (which was the date set for hearing on the dispute concerning Bergmark), counsel protectively filed her notice of motion concerning Matthews' disclosure.

    Defendant's meet and confer argument also reflects an incorrect reading of the local rules. According to defendant, this court must decline to hear the matter because plaintiff failed to engage in meet and confer efforts prior to <u>filing</u> the motion on December 12, 2007. Eastern District of California Local Rule 37-251(b), however, requires meet and confer efforts prior to filing the motion <u>or</u> prior to hearing on the motion. In fact, the joint statement required

by Local Rule 37-251(c), which is not filed until three court days before the scheduled hearing date, is where counsel document their meet and confer efforts.  In this case, it is clear that counsel must have met and conferred in preparation of the joint statement.

For these reasons, plaintiff has satisfied the meet and confer requirement.

2.   Compliance with December 6, 2007, Order

Defendant argues that it did not fail to comply with the December 6, 2007, order requiring disclosure of rebuttal experts by December 11, 2007.  Specifically, defendant argues:

> To begin with, the Court did not specifically order Kelly to serve Dr. Matthews' rebuttal report on or before December 11, 2007.  Rather, it ordered Kelly to serve its "disclosure of experts it intends to call in rebuttal to Ross by December 11, 2007." . . . Kelly understood the December 6, 2007, order to simply require service of Dr. Matthews' expert [report] well in advance of Dr. Mathews' deposition (to occur at some point prior to December 31, 2007).

This is not a reasonable interpretation of the December 6th order.  First, Federal Rule of Civil Procedure 26(a)(2)(B) requires that an expert's report accompany the disclosure.  Therefore, by setting a deadline for the disclosure, the court also set the same deadline for the report.  Second, defendant's reading of the order is not logical or practical.  If the court only required the report to be provided "well in advance" of a deposition which could have occurred as late as December 31, 2007, how did defendant intend to comply if the deposition was scheduled for, say, December 12th?  December 31st was an outside date, not an absolute date, for the deposition.  Avoidance of this problem is the reason the report must be provided with the disclosure.  Finally, defendant's argument is disingenuous given that it did not provide the report until December 31st, which is not "well in advance" of the December 31st cut-off date.

Defendant cannot escape its failure to provide Matthews' report in a timely manner.

/ / /

/ / /

/ / /

2.      Late Disclosure of Matthews' Report

Inconsistent with the foregoing, defendant concedes that it's disclosure was late. However, defendant argues that the late disclosure was justified. Specifically, defendant argues that "at no time prior to learning that Dr. Matthews would appear for deposition in Hawaii did plaintiff's counsel demand his rebuttal report or claim that it was due on December 11, 2007." Plaintiff did not have to do so because the court did in its December 6th order. That plaintiff's counsel agreed to a later disclosure date on the premise the deposition would be conducted in San Diego was a generous gift. Defendant lost any reason to rely on that gift when defendant's counsel unilaterally changed the terms of the location agreement on December 13th. Again, defendant cites no writing demonstrating that plaintiff's counsel ever agreed to the Hawaii location. While defendant repeatedly relies on the agreement as to the January 11th date, it repeatedly ignores the agreement as to the San Diego location.

3.      Remedy

Given that defendant's counsel unilaterally changed the location agreement and insisted that any deposition would be taken in Hawaii, plaintiff was justified in revoking her portion of the agreement that the deposition could occur after the December 31st cut-off date established in the court's order. The question becomes whether defendant should be punished in the form of an order excluding its rebuttal expert Matthews from testifying at trial. Rule 37(b)(2) specifically allows the court to do so.

At this point, plaintiff has been provided with Matthews' report, but has been denied the opportunity to take his deposition prior to trial. The final pre-trial order specifically states that all discovery is over, except as the parties may otherwise agree. Therefore, Matthews' deposition may only go forward <u>if plaintiff agrees to allow it</u>. Further, even if defendant could argue under the rules that a deposition must be taken where the witness lives, it agreed to San Diego and should be bound by that agreement. So, if plaintiff agrees to allow the deposition, it must take place in San Diego. But, it is unlikely plaintiff would agree. Further, the pre-trial

order states that any post cut-off discovery agreement would not be enforceable by the court. Thus, even if she did agree and the deposition was noticed for a location in San Diego, there is no way for the court to enforce the agreement should defendant again renege and insist on Hawaii. In essence, allowing the deposition if plaintiff agrees and the deposition takes place in San Diego is really a hollow remedy for plaintiff because the court cannot enforce the agreement.

The only remaining remedy is to strike the Matthews disclosure and exclude his testimony at trial. Defendant cannot propose a remedy short of this sanction given that the window for conducting discovery has closed pursuant to the court's prior orders. Defendant complains that exclusion will prevent it from rebutting the "shocking" cult testimony from Ross. However, this is a problem of defendant's own making. Had counsel provided Matthews' report by December 11th, or had counsel honored the agreement to have the deposition take place in San Diego, the situation defendant complains of would not exist.

**B.     Bergmark**

Plaintiff argues:

> Plaintiff moves to strike the testimony of Mr. Bergmark in its entirety based on Defendant's failure to follow the requirements of F.R.C.P. Rule 26 and this Court's Supplemental Status Order. By the time its Rule 26 disclosure was complete, it was one day past the time for Plaintiff to take Mr. Bergmark's deposition and several weeks past the time to reasonably schedule it.

The facts of the Bergmark dispute are not quite as egregious as those concerning Matthews. The prejudice, however, is no less. As to Bergmark, the court never extended the discovery cut-off. In the July 12, 2007, order, the district judge ordered that all expert discovery was to be completed by December 11th. That deadline was extended to December 31st as to Ross and related rebuttal witnesses only. Pursuant to the July 12th order, the disclosure as to Bergmark was due by October 11th. Under Rule 26(1)(2)(B), Bergmark's report should have accompanied the disclosure. Nonetheless, the report was not included with the disclosure. On November 11th, plaintiff's counsel asked about the missing report. Had defendant's counsel simply

9

provided the report with the disclosure upon counsel's November 11th request, plaintiff's counsel could have scheduled Bergmark's deposition by the cut-off date.  In what appears to be a pattern in this litigation, defendant's counsel chose not to comply with the expert disclosure and report requirements in a timely manner.  By the time the report was provided on December 12th, the discovery cut-off had passed.  Whether defendant's counsel's shortcomings here are the product of the "press of business", or simply his personal strategy of attempting to dictate the tempo of the case,  plaintiff's counsel has been treated poorly.

If the federal rules and the court's scheduling orders are to have any meaning, they must be enforced.  In this case, this requires exclusion of Bergmark's testimony at trial because defendant's counsel's conduct deprived plaintiff the opportunity for pre-trial deposition discovery.

### III. CONCLUSION

As to Mathews, defendant's counsel acted in bad faith by unilaterally changing the terms of the parties' agreement as to location.  Therefore, plaintiff's counsel was justified in revoking her agreements as to date and timeliness of the report.  Absent the agreement, the report was due by December 11, 2007.  Defendant did not provide the report until December 31, 2007. The report was, thus, untimely and the disclosure was deficient.  Because discovery has long since closed, plaintiff cannot obtain Matthews' deposition.  An appropriate remedy is to exclude Matthews' testimony at trial.  The Matthews' disclosure should be stricken and he should not be allowed to provide rebuttal expert testimony at trial.

As to Bergmark, it is undisputed that defendant's counsel provided Bergmark's report one day after the discovery cut-off, thereby depriving plaintiff the opportunity to take Bergmark's deposition.  For this reason, and because discovery is now closed, Bergmark's disclosure should be stricken and his damages rebuttal testimony should be excluded at trial.

///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to strike (Docs. 83 and 84) are granted;

2. Neither Matthews nor Bergmark will be permitted to testify at trial.

DATED: January 16, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE