IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYNN NOYES, )
)
        Plaintiff, )  2:02-cv-2685-GEB-CMK
)
   v. )  <u>ORDER</u>
)
KELLY SERVICES, INC., )
a corporation, )
)
        Defendant. )
)

      On February 4, 2008, Defendant moved to exclude the testimony of Plaintiff's expert Rick Ross. (Mot., Docket #95.) Plaintiff opposes the motion. (Opp'n, Docket #114.) A review of the briefing papers and the Expert Witness Report (Decl. of Robert Burch in Opp'n to Def.'s In Limine Mot. NO. 1, Ex. 1.) indicates that a <u>Daubert</u> hearing should be held. See <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999) (holding <u>Daubert</u> reliability determination applies to all expert testimony).

**On March 17, 2008 at 10:00 a.m.**, a <u>Daubert</u> hearing on the motion will be held, at which Plaintiff's expert, Rick Ross, shall be present, to address the following issues:[1]

1. Is Mr. Ross qualified to testify as an expert in the field of destructive cults in general and of "the nature, relationships and group dynamics of the Fellowship [of Friends]" in particular? (Opp'n at 5-7.)

2. Are Mr. Ross's opinions based on a sufficient, reliable foundation — sufficient facts, data or experience? Does he rely on materials of a type reasonably relied on by other experts in the field?

3. Is there a reasonable link between the information, procedures and experience Mr. Ross uses and his conclusions? The parties should be prepared to address specific conclusions contained in the Expert Report.[2]

IT IS SO ORDERED.

Dated: March 4, 2008

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] <u>See</u> Fed. R. of Evid. 702 advisory committee's note.

[2] Plaintiff has indicated that she will not elicit opinions from Mr. Ross regarding "whether William Heinz intentionally discriminated against Plaintiff in the promotion decision [and] whether the Fellowship uses brainwashing." (Opp'n at 10:19-26.)

2